## Case No. 875.

### BANK OF COLUMBIA v. MOORE.

[3 Cranch, C. C. 292.] [1]

Circuit Court, District of Columbia.  May Term, 1828.

WRITS—EXECUTION WITHOUT JUDGMENT BY BANK OF COLUMBIA — LIMITATION OF ACTIONS — RUNNING OF STATUTE.

The issuing of the execution by the Bank of Columbia, under the act of Maryland of 1793, (chapter 30,) is the commencement of the action in regard to the statute of limitations.

## Case No. 876.

### BANK OF COLUMBIA v. MOORE.

[3 Cranch, C. C. 663.] [1]

Circuit Court, District of Columbia.  Dec. Term, 1829.[2]

STATUTE OF LIMITATIONS — ACKNOWLEDGMENT TO A STRANGER.

The court refused to instruct the jury, that the casual acknowledgment of the debt to a stranger is not such an acknowledgment as was sufficient to take the debt out of the statute of limitations.

[See note at end of case.]

At law. Assumpsit upon the defendant's promissory note, payable to G. Docker, or order, and by him indorsed to plaintiffs. [For opinion at prior hearing, see Bank of Columbia v. Moore, Case No. 875.] Upon the plea of limitations, the plaintiffs' witness testified that he overheard the defendant [James Moore] say to his companions, who were no parties to the note, that he owed no debt, excepting one $500 note to the Bank of Columbia.

Whereupon Mr. Jones, for the defendant, prayed the court to instruct the jury, that the evidence aforesaid did not import such an acknowledgment of the debt in question, as was sufficient to take it out of the statute of limitations.

Which instruction THE COURT (CRANCH, Circuit Judge, contra) refused to give, and the jury rendered their verdict for the plaintiffs.

The defendant's counsel moved for a new trial, on the ground of error, in refusing the instruction; but the court, believing that the justice of the case was with the plaintiffs, refused to grant it.

The counsel for the defendant then applied to the chief justice, MARSHALL, and obtained a writ of error to the supreme court, where the judgment was reversed, in 1832. See [Moore v. Bank of Columbia,] 6 Pet. [31 U. S.] 86.

[NOTE. The witness accidentally overheard the defendant say that he was clear of debt,

"except one damned five hundred in the Bank of Columbia, which I can pay at any time." Mr. Circuit Justice Thompson, in delivering the opinion of the United States supreme court reversing this decision, (Moore v. Bank of Columbia, 6 Pet. [31 U. S.] 86,) said: "The declarations of the defendant below were vague and indeterminate, leading to no certain conclusion, and at best to probable inference only; and, indeed, if unexplained by any other evidence, they were senseless. It is left uncertain even whether the conversation referred to the note in question. The evidence that this was the only five hundred dollar note of his lying over in the bank might afford a plausible conjecture that this was the one alluded to. But that is not enough, according to the rule laid down in Bell v. Morrison, 1 Pet. (26 U. S.) 352, nor is there any direct admission of a present subsisting debt due. The epithet which accompanied the declaration would well admit of a contrary conclusion, and that there were some circumstances attending it that would lead him to resist payment. The assertion of his ability to pay is no promise to pay. The whole declarations, taken together, do not amount either to an explicit promise to pay, made in terms unequivocal and determinate, or disclose circumstances from which an implied promise may fairly be presumed; one or the other of which this court has said is necessary to take the case out of the statute. The court below, therefore, erred in not giving the instructions prayed for by the defendant."]